IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL M. BRUNHAMMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-24-GMS |
| | ) | |
| STEVEN WESLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

**I.    BACKGROUND**

Presently pending before the court is petitioner Paul M. Brunhammer's "petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241," in which he contends he is a pre-trial detainee being held illegally in Delaware because: (1) his speedy trial rights have been violated; (2) his Delaware charges have been pending over five years and no attorney has been assigned to his case; (3) his due process rights have been denied by the State of Delaware's failure to promptly file a detainer with the State of New Jersey; and (4) the State of Delaware violated his rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments by failing to transfer him to the State of Delaware to answer the charges. (D.I. 3 at 11-14) Brunhammer has also filed a motion to dismiss his Delaware indictment asserting the same four grounds that are set forth in his petition. (D.I. 12)

**II.   FACTS**

In February 2010, Brunhammer was arrested in New Jersey on charges of aggravated sexual assault, sexual assault, endangering the welfare of a child, terroristic threats, and obscenity

for persons under 18. (D.I. 4 at 61) Brunhammer subsequently entered a guilty plea to aggravated sexual assault and was sentenced to seven years of incarceration in a New Jersey prison. *Id.*

In May 2010, while Brunhammer was facing charges in New Jersey, New Castle County Police began an investigation into the sexual assault of a nine-year old female in Delaware. (D.I. 4 at 61) According to the female, Brunhammer had inserted a finger in her rectum and described numerous sexual acts to her in detail. In October 2010, Brunhammer was indicted in Delaware on two counts of second degree rape and one count of sexual solicitation of a child. When the Rule 9 Warrant was issued, Brunhammer was already serving his sentence for his New Jersey convictions. *Id.* at 62.

On August 31, 2015, Brunhammer filed in the Delaware Superior Court a motion to dismiss his indictment due to the delay between the indictment and first appearance. (D.I. 4 at 62) The Superior Court denied the motion on December 7, 2015, holding that Brunhammer's speedy trial rights were not violated because the the five year delay was solely attributable to Brunhammer's incarceration in New Jersey. (D.I. 4 at 97-9) Brunhammer appealed, and the Delaware Supreme Court dismissed the appeal for lack of jurisdiction because it was interlocutory. *Brunhammer v. State*, 2016 WL 611822, at *1 (Del. Feb. 12, 2016).

### III. LEGAL STANDARDS

A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State

court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot exercise jurisdiction at the pre-trial stage without exhaustion of state remedies, unless extraordinary circumstances are present. *See Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)(noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial). Additionally, if no exceptional circumstances are present and the petitioner is seeking to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its pre-trial habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication **and** has exhausted state remedies" by presenting his claim to the highest state court." *Moore*, 515 F.2d at 443.

IV. DISCUSSION

After reviewing Brunhammer's petition, the court concludes that relief is not warranted. First, it is clear from the face of the pending petition that Brunhammer is not in custody pursuant to a Delaware state court judgment because he has not yet undergone his Delaware criminal trial for two counts of second degree rape and one count of sexual solicitation of a child. Second, although Brunhammer asserts a speedy trial violation, he is improperly attempting to abort a state criminal proceeding because he seeks the dismissal of his indictment and immediate release.

(D.I. 12) Finally, although Brunhammer has presented his instant arguments to the Delaware Supreme Court, nothing in his petition demonstrates a special need for the court to adjudicate the matter at this juncture and interfere "in the normal functioning of state criminal processes." *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010). Accordingly, the court will summarily dismiss without prejudice Brunhammer's § 2241 petition.

## V. PENDING MOTIONS

During the pendency of this proceeding, Brunhammer filed a motion to appoint counsel (D.I. 6) and a motion to dismiss his indictment (D.I. 12). Having concluded that Brunhammer's § 2241 is subject to summarily dismissal, the court will dismiss both motions as moot.

## VI. CONCLUSION

For the reasons set forth above, the court will summarily dismiss without prejudice Brunhammer's § 2241 petition for federal habeas relief. The court will also decline to issue a certificate of appealability because Brunhammer has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: April 18, 2016

UNITED STATES DISTRICT JUDGE