IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PAUL M. BRUNHAMMER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-24-GMS |
| | ) | |
| STEVEN WESLEY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

**I. INTRODUCTION**

In April 2016, the court summarily dismissed without prejudice petitioner Paul M. Brunhammer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 after determining that the petition was prematurely filed because Brunhammer was a pre-trial detainee who had not yet been convicted in Delaware. (D.I. 13; D.I. 14; D.I. 17) Presently pending before the court is Bruhammer's document titled "Points of Consideration" and exhibits, which the court construes to be a motion for reconsideration of its dismissal of the § 2241 petition. (D.I. 18)

**II. STANDARD OF REVIEW**

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/ reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."

*Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances, *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988), but may be granted only in extraordinary circumstances. *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at 288, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### III. DISCUSSION

Since Brunhammer filed the instant motion within twenty-eight days after the entry of the court's judgment,[1] the court will treat the motion as though filed pursuant to Rule 59(e). *See, e.g., Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d

---

[1] Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The court denied Brunhammer's petition on April 18, 2016. (D.I. 13; D.I. 14) His motion for reconsideration is dated May 9, 2016, and this date falls within the twenty-eight day period provided for in Rule 59(e).

936, 942 (3d Cir. 1985)("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). In his motion, Brunhammer asks the court to revisit its April 2016 decision to summarily dismiss without prejudice his petition as premature, because he entered a guilty plea to his Delaware charges on May 2, 2016. (D.I. 18 at 3) To support his argument, Brunhammer has filed a copy of his plea agreement and truth-in-sentencing guilty plea form, both of which are dated May 2, 2016. (D.I. 18 at 6-7)

      Brunhammer's instant argument does not warrant reconsideration of the court's decision to dismiss his § 2241 petition without prejudice. A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Here, even though Brunhammer is no longer a pre-trial detainee, his filings indicate that he has not yet been sentenced by a Delaware court. Consequently, it plainly appears that Brunhammer is not entitled to federal habeas relief because he has not yet exhausted state remedies. Accordingly, Brunhammer has not presented any reason warranting reconsideration of the court's decision to

deny his § 2241 petition.[2]

## IV. CONCLUSION

Based on the foregoing, the court will deny Brunhammer's motion for reconsideration.[3] In addition, the court will not issue a certificate of appealability, because Brunhammer has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

June 7, 2016
DATE

UNITED STATES DISTRICT JUDGE

---

[2] If and when Brunhammer exhaustes state remedies, his recourse is to file a new petition for a writ of habeas corpus pursuant to § 2254, not § 2241. Habeas petitions filed pursuant to 2254 must be filed within a one-year limitations period. Brunhammer is responsible for determining the events that trigger and toll the limitations period.

[3] After the court issued its memorandum and order dated April 18, 2016, Brunhammer filed a motion to amend (D.I. 15) and a motion for reconsideration (D.I. 16). Given the court's decision to deny Brunhammer's instant motion for reconsideration, the court will dismiss those two other motions as moot.